Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Manning | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6434 | **DATE** | 9/6/2002 |
| **CASE TITLE** | Stephen Baker vs. Crystal Lake Honda | | |

**MOTION:**     [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP4(a)(2).

(10) ■ [Other docket entry] This matter is before the Court on Defendant Crystal Lake Honda's Motion for Attorneys' Fees. For the reasons set forth below, the Court recommends that Defendant's motion be denied. Report and Recommendation recommending that Defendant Crystal Lake Honda's motion for attorneys' fees be denied is hereby entered of record.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | SEP 9 2002 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 28 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| ✓ | Copy to judge/magistrate judge. | | | | |
| | AC6 courtroom deputy's initials | | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SEP · 9 2002

| | |
|---|---|
| STEPHEN BAKER, | ) Case No.  01 C 6434 |
| | ) |
| Plaintiff, | ) |
| | ) Judge Blanche M. Manning |
| v. | ) |
| | ) Magistrate Judge |
| CRYSTAL LAKE HONDA, | ) Arlander Keys |
| | ) |
| Defendant. | ) |

TO:  THE HONORABLE BLANCHE M. MANNING
     UNITED STATES DISTRICT COURT JUDGE

SEP 9  2002;

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Crystal Lake Honda's Motion for Attorneys' Fees.  For the reasons set forth below, the Court recommends that Defendant's motion be denied.

### BACKGROUND

Plaintiff Stephen Baker filed suit against Defendant Crystal Lake Honda on August 20, 2001, for violations of the Odometer Requirements Act, 49 U.S.C. § 32107 (2002) and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. § 505/2 (2002).  On February 1, 2002, Plaintiff moved to dismiss Counts I and II of his Complaint.  This Court recommended to Judge Manning that Counts I and II of the Complaint, which allege violations of both federal and state automobile odometer laws, be dismissed and that the case be remanded to state court for

28

the remaining state law claims.[1]   After adopting this Court's recommendation on February 20, 2002, the district court dismissed Plaintiff's suit without prejudice on March 19, 2002.[2]   However, the Defendant now moves for an award of attorney's fees, pursuant to 28 U.S.C. § 1927 (2002).[3]

## STANDARD

Any person whose conduct "so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."   28 U.S.C. § 1927 (2002).   The Seventh Circuit requires that parties not only act vexatiously and unreasonably, but they must also act in subjective or objective bad faith. *Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of the Fox Masonry and Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998).   Evidence of ordinary negligence is insufficient to warrant sanctions under Section 1927. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1185 (7th Cir. 1992).   The granting of sanctions under Section 1927 is within the sole discretion of the

---

[1]   This case was referred to the Court for all pretrial matters on November 9, 2001.

[2]   On March 19, 2002, Judge Manning denied in part Mr. Baker's motion to correct the record and to transfer the contents of the court file to state court and then ordered the case dismissed without prejudice with leave to refile in state court.

[3]   Judge Manning referred this issue to this Court on May 14, 2002.

2

court.  *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988).

Defendants allege that Plaintiff continued to pursue a baseless claim against Defendant after Plaintiff already knew that he could not substantiate the allegations under Counts I and II of the Complaint.  Counts I and II allege that Defendant intentionally sold Plaintiff an automobile that Defendant knew had a "rolled back" odometer.  (First Amend. Compl. ¶ 7.)  Plaintiff claims that he received information regarding the possible discrepancy with the odometer reading from Carfax, a popular database used by purchasers of used automobiles, which contains information about the automobile's history, including odometer information.  (Tr. of Hearing on March 13, 2002, at 3.)

Defendant argues that, prior to the commencement of the lawsuit, it responded to Plaintiff's allegation via letter denying that the odometer reading was incorrect.  (Def.'s Mot. for Att.'s Fees at 3, Ex. 2.) Defendant also produced an Odometer Disclosure Statement of the automobile's previous owner that Defendant claims proves that no rollback occurred.[4]  (*Id.* at 7.)  Defendant claims that Plaintiff's subsequent admission in open court that he was "no longer 100% sure that there was a rollback," is further evidence

---

[4] Defendant states that the odometer reading in Todd A. Rickey's Odometer Disclosure Statement is identical to the odometer reading that Defendant supplied to Plaintiff when he purchased the automobile. (Def.'s Mot. Exs. 6, 7.)  However, the Court notes that Mr. Rickey's odometer reading shows 94,682 miles, but Defendant's reading is different, at 94,862 miles. (*Id.*)

that Plaintiff should have immediately dismissed his claims of odometer fraud against Defendant. (*Id.* at 8.) Defendant argues that Plaintiff multiplied the proceedings unreasonably and vexatiously by waiting to file a motion to dismiss Counts I and II approximately three months after Plaintiff's open court statement. (*Id.* at 8, 9.)

After reviewing Defendant's motion, the Court is unconvinced that Plaintiff acted in a vexatious and unreasonable manner deserving of sanctions under Section 1927. Certainly, it was not unreasonable for Plaintiff to continue with his case after receiving a letter from Defendant denying that the odometer reading was incorrect. However, Defendant fails to see that this is what litigation is for. Defendants usually deny the initial allegations against them, which is why the courts and federal rules provide for discovery – to determine if a defendant's responses and the allegations against it have any merit.

Further, the Court concludes that Plaintiff did not act in bad faith by relying on the Carfax report in his initial claim of odometer fraud. Plaintiff did not act unreasonably in relying on information that, apparently, many purchasers of used cars rely on for information.

The Court does not find that Plaintiff vexatiously multiplied the proceedings by failing to file a motion to dismiss Counts I and II sooner. Plaintiff asserted that he was "not 100% sure" he had

4

a case. However, if there was any doubt, Plaintiff certainly had the right to pursue his investigations and refrain from giving up on his odometer fraud claims until he was *actually* 100% sure. In any event, the Court notes that Plaintiff initiated his motion to dismiss approximately two months after Plaintiff's statement in court that he was unsure of the merits of his odometer fraud case. The Court concludes that Plaintiff did not act in bad faith, did not intend to delay proceedings, and succeeded in filing his motion as expeditiously as possible. Therefore, the Court holds that Plaintiff's actions did not rise to the level of reckless and unreasonable conduct required for an award of attorneys' fees to Defendant.

## CONCLUSION

Applying the standards developed in this circuit, the Court does not find that Plaintiff acted in a vexatious and unreasonable manner that would warrant sanctions under Section 1927. Therefore, the Court recommends that Defendant's Motion for Attorneys' Fees be denied.

DATED: September 6, 2002      Respectfully Submitted:

ARLANDER KEYS
United States Magistrate Judge

Counsel have ten days from the date of service to file objections to this Report and Recommendation with the Honorable Blanche M. Manning. *See* Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).